IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ERIE DIVISION

| | | |
|---|---|---|
| LARRY JOHNSON, | ) ) | 1:24-CV-00006-RAL |
| Petitioner | ) ) ) | RICHARD A. LANZILLO |
| v. | ) ) | Chief United States Magistrate Judge |
| S. BARLET, | ) ) ) | MEMORANDUM OPINION ON PETITION FOR WRIT OF HABEAS CORPUS |
| Respondent | ) ) | ECF No. 4 |
| | ) | |

I.    Introduction

Pending before the Court is the petition for a writ of habeas corpus filed by Petitioner Larry Johnson pursuant to 28 U.S.C. § 2241. ECF No. 4. For the reasons set forth below, Johnson's petition will be denied.

II.   Background

Petitioner is an inmate in the custody of the Federal Bureau of Prisons (BOP), currently incarcerated at FCI McKean. Assuming he receives all Good Conduct Time (GCT) available to him under 18 U.S. C. § 3624(b), his projected release date is December 11, 2077. ECF No. 12-1 ¶ 3.

In the instant petition for writ of habeas corpus,[1] filed pursuant to 28 U.S.C. § 2241, Petitioner complains that the BOP improperly assigned him with a Walsh Act History and Sex

---

[1] Under § 2241, district courts have authority to grant habeas corpus "within their respective jurisdictions." At the time that he filed his Petition, Petitioner was confined at FCI McKean, which is located within the territorial boundaries of the Western District of Pennsylvania.

Offender Public Safety Factor (PSF).  ECF No. 4 at 6-7.  Petitioner avers that he was never "charge[d] with anything with any of these statutes or offenses or convictions" and accuses two staff members, Katherine Allen and Larry Dennis, of refusing to move the PSF despite being informed of the same.  *Id.* at  7.  He maintains that he is being denied "suitable living conditions and quarters" because of the improper PSF.  *Id.* at 6-7.  This matter is fully briefed and ripe for disposition.

III.    Analysis

For federal prisoners, "[t]he 'core' habeas corpus action is a prisoner challenging the authority of the entity detaining him to do so, usually on the ground that his predicate sentence or conviction is improper or invalid."  *McGee v. Martinez*, 627 F.3d 933, 935 (3d Cir. 2010).  *See also Alward v. Warden, LSCI-Allenwood*, 2024 WL 4112662, at *2 (M.D. Pa. Sept. 6, 2024) ("A habeas petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement.") (citing *Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973)).  While motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners may challenge the validity of their conviction or sentence on collateral review, *see Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002), § 2241 confers habeas jurisdiction "to hear the petition of a federal prisoner who is challenging not the validity but the <u>execution</u> of his sentence."  *Cardona*, 681 F.3d at 535 (internal quotations and citations omitted) (emphasis added).

Although "the precise meaning of 'execution of the sentence' is hazy," *Cardona v. Bledsoe*, 681 F.3d 533, 536 (3d Cir. 2012) (citing source omitted), courts have widely held that challenges to prison security classifications "are not cognizable under § 2241 because such challenges do not implicate the fact or duration of imprisonment."  *Alward*, 2024 WL 4112662, at *2 (citing *Briley v. Warden Fort Dix FCI*, 703 Fed. Appx. 69, 71 (3d Cir. 2017) (claims asserting improper security

2

factors and resulting higher security classification levels "are not cognizable in a § 2241 petition")). *See also Cohen v. Lappin*, 402 Fed. Appx. 674, 676 (3d Cir. 2010 (holding that challenges to security designation or custody classification do not challenge the fact or duration of confinement as required for § 2241 jurisdiction). The same is true of allegations concerning prison living conditions. *Cardona v. Thompson*, 551 Fed. Appx. 630, 632 (3d Cir. 2013) (challenge to placement in a particular prison unit affected "the conditions of [inmate's] confinement and not the execution of his sentence"); *Murray v. Bledsoe*, 386 Fed. Appx. 139, 140 (3d Cir. 2010) (challenges to cell conditions are not cognizable in habeas because they target a condition of confinement rather than the fact or duration of a sentence).

In the instant habeas petition, Petitioner requests an order directing the Warden of FCI McKean to remove the PSF from his file and change his custody classification. As outlined above, these claims do not impact the fact or duration of Petitioner's confinement and do not lie at the core of habeas. *See Briley*, 703 Fed. Appx. at 71; *Cohen*, 402 Fed. Appx. at 676. Consequently, this Court lacks jurisdiction over Petitioner's claims.

IV.    Conclusion

For each of the foregoing reasons, Petitioner's petition for a writ of habeas corpus is denied.[2]  An appropriate order follows.

DATED this 6th day of July, 2026.

BY THE COURT:

RICHARD A. LANZILLO
Chief United States Magistrate Judge

---

[2] Because "[f]ederal prisoner appeals from the denial of a habeas corpus proceeding are not governed by the certificate of appealability requirement," the Court need not make a certificate of appealability determination in this matter. *Williams v. McKean*, 2019 WL 1118057, at *5 n. 6 (W.D. Pa. Mar. 11, 2019) (citing *United States v. Cepero*, 224 F.3d 256, 264-65 (3d Cir. 2000), abrogated on other grounds by *Gonzalez v. Thaler*, 565 U.S. 134 (2012)); 28 U.S.C. § 2253(c)(1)(B).